[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (#140)
This is one of the older matters active in this courthouse. It is styled as an Appeal From Decision of the Commissioner of The BridgeportHousing Authority. Neither the complaint. nor any other entry in the file. asserts and authority for the action. If it can be described as an administrative appeal. there is no reference or citation to any authority creating such an appeal right. Because of the outcome mandated on thisMotion of Dismiss (Docket Entry #140), the court need do no more with the apparent lack of authority for filing the `Appeal'.
The file has a long and tortured procedural history. In most cases it would be important to recite that history, but the clear legal mandate on the grounds asserted in the Motion to Dismiss make such a recitation unnecessary.
The plaintiff purports to appeal a personnel grievance decision, arguably. made by the Bridgeport Housing Authority concerning his recall lay-off rights. By stipulation of the parties. Plaintiff's Exhibit A. entitled Personnel Policy was in full force and effect at the time of all CT Page 6106 relevant events.
In the Personnel Policy (pg. 3, Article III), multiple unions are recognized by the employer (Housing Authority) to represent various classes of employees. The job and job rights of the plaintiff fall within the purview of Local 2311, Council #4 of the American Federation of State, County and Municipal Employees, AFL-CIO.
The Personnel Policy (pg. 6, Article 5.26) further provides the mechanism for processing grievances. In said article (5.26(5)). an unfavorable decision of the Housing Authority concerning personnel issues is with the Connecticut State Board of Mediation and Arbitration.
In the instant matter. there is no asserted authority for the existence of this appeal. The arbitration provision is clear and not ambiguous.
It is (large/bold) black letter law that courts will not create jurisdiction where none is created by law and will favor and enforce arbitration provisions.
The defendant's Motion to Dismiss (#140) is granted.
DANIEL E. BRENNAN, JR., J.